NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT FRIEDLAND,

          Plaintiff,

   v.

DONNA ZICKEFOOSE, et al.,

          Defendants.

Civil No. 12-6010 (RBK)

OPINION

**APPEARANCES:**
Robert Friedland, *Pro Se*
#63488-054
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

**KUGLER, District Judge**

    Pending before this Court are various motions filed by Plaintiff, Robert Friedland.

### PROCEDURAL BACKGROUND

    On September 26, 2012, Plaintiff, Robert Friedland, incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix, New Jersey submitted this action under 42 U.S.C. § 1983. He neither paid the filing fee nor submitted a complete application to proceed *in forma pauperis* ("IFP") (Docket Entry 1). On October 10, 2012, this Court granted Plaintiff conditional IFP status and allowed

1

the claims to proceed against defendants Donna Zickefoose and Dr. Lopez. Summonses were issued that day. Plaintiff was directed to file a complete IFP application within forty-five days of the October 10, 2012 Order. (Docket Entries 2, 3).

Defendants Lopez and Zickefoose waived service of the complaint. Dr. Lopez's answer to the complaint was due on January 19, 2013. Warden Zickefoose's answer is due on February 8, 2013. As of the date of this Opinion, neither defendant has entered an appearance on the record. (Docket Entries 6, 9).

In the meantime, however, Plaintiff has filed numerous motions. The following motions remain pending.

On November 5, 2012, Plaintiff filed a Motion for an Injunction and Temporary Restraining Order ("TRO") (docket entry 4). On January 4, 2013, Plaintiff filed a Motion for Oral Argument with regard to his previously-filed Motion for a TRO (docket entry 12). On January 14, 2013, Plaintiff filed a Motion for Summary Judgment against defendants (docket entry 15), and on January 22, 2013, he filed a Motion to Compel Discovery (docket entry 16). On January 24, 2013, Plaintiff filed a Motion for a Protective Order (docket entry 18), and on January 30, 2013, he filed a Motion for Entry of Default and Summary Judgment against defendants (docket entry 20).

2

On February 6, 2013, he filed another motion for summary judgment (docket entry 21).

## FACTUAL BACKGROUND

1. <u>Plaintiff's Complaint</u>

According to the Complaint (docket entry 1), Plaintiff suffers from numerous medical problems. Upon entry to FCI Fort Dix on June 1, 2012, Plaintiff was seen by a staff nurse regarding his treatment and medications, and was seen by Defendant Dr. Lopez. (Complt., Docket Entry 1, p. 3 of 10).

In August 2012, Plaintiff was sent for an MRI at St. Francis Hospital. (Complt., Docket Entry 1, p. 6 of 10). A pre-existing "brain lesion" measured at 12.0 mm, which Plaintiff claims was an increase from an early MRI he had had prior to his incarceration. (<u>Id.</u>). Plaintiff states that despite this finding, he was denied any medication besides Tylenol, and has not been seen by doctors. (<u>Id.</u>). Plaintiff was told by Dr. Lopez that the Bureau of Prisons would not provide brain surgery for him. Plaintiff stated that his own private insurance would cover the cost if he were transferred to either a halfway house or home confinement, or released. (Complt., Docket Entry 1, at p. 7 of 10). Plaintiff called a halfway house who claimed they could "resolve" the issues, and has "continually requested to see a doctor or representative of the

3

prison to request some sort of letter" that he could present to the sentencing court to have his custody status changed. (Id.).

2. <u>Plaintiff's Motion for TRO (docket entry 4)</u>.

Plaintiff's motion for a TRO (docket entry 4) basically mimics his Complaint, adding additional facts.

Plaintiff admits that he has been seen by doctors since he filed his complaint. He notes that he was seen by defendant Dr. Lopez on September 27, 2012, and on October 15, 2012, was seen by a neurosurgeon at St. Francis. (Motion for TRO, Docket Entry 4, p. 3 of 13). The doctors told him that surgery was dangerous, and requested another MRI. (Id.).

Plaintiff admits that over a sixty-day period, he was seen by sick call "more than 35 times" although he hadn't met with the doctor. (Motion for TRO, Docket Entry 4, p. 4 of 13). He started the grievance procedure with the BOP, and defendant Warden Zickefoose noted that the brain lesion and high blood pressure were being treated. Plaintiff states that, "None of the other illnesses were being addressed or treated." (Id.).

Plaintiff has tried to offer solutions to his medical problems; for example, requesting a temporary release to have surgeries, which have been ignored. (Id.).

4

Again, Plaintiff argues that his Eighth Amendment rights are being violated.

## DISCUSSION

This Court has screened this Complaint, and decided that Plaintiff's Complaint met the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to proceed past *sua sponte* screening (see docket entry 2). Defendants' responses were/are due on January 19, 2013, and February 8, 2013. Except for Plaintiff's Motion for an Injunction and TRO (docket entry 4), the motions filed prior to those response dates are premature and will be dismissed without prejudice (i.e., Motion for Oral Argument, docket entry 12; Motion for Summary Judgment, docket entry 15).

As to the Motion for a TRO (docket entry 4) and the remaining motions (Motion to Compel Discovery (docket entry 16); Motion for Issuance of a Protective Order (docket entry 18); Motion for Entry of Default and for Summary Judgment (docket entry 20); and Motion for Summary Judgment (docket entry 21)), this Court will Order defendants to make an appearance and file a response on an emergent basis, by way of the Order to Show Cause, attached.

This Court notes that as to his brain lesion and high blood pressure medical issues, Plaintiff admits in the Complaint and Motion for a TRO that he has been seen by doctors and on sick call. As to

5

his other issues, Plaintiff does not set forth the treatments he seeks or has been denied. That being said, this Court will issue the Order to Show Cause to defendants, and move this case on an expedited basis. Also, in response to the Order to Show Cause, Defendants will be ordered to provide medical records to this Court and Plaintiff, under seal.

## CONCLUSION

For the reasons stated above, Plaintiff's motions for oral argument (docket entry 12) and for Summary Judgment (docket entry 15) are dismissed. Defendants will be ordered to respond to the Complaint and pending motions on an expedited basis.

Furthermore, Plaintiff will provide a complete IFP package to this Court, as directed in this Courts October 10, 2012 Order, within 30 days of the date of entry of the attached Order to Show Cause.

ROBERT B. KUGLER
United States District Judge

Dated: 2/8/2013