NOT FOR PUBLICATION                                                              (Doc. No. 89)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| Robert FRIEDLAND, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-6010 (RBK/AMD) |
| | : | |
| v. | : | **Order** |
| | : | |
| Donna ZICKEFOOSE, et al., | : | |
| | : | |
| Defendant(s). | : | |

**KUGLER**, United States District Judge:

    **THIS MATTER** having come before the Court on Plaintiff Robert Friedland's ("Plaintiff") Motion for Default Judgment (Doc. No. 89); and

    **IT APPEARING TO THE COURT** that the Amended Complaint names Defendants Donna Zuckefoose, J. Hollingsworth, Director of Medical Services, and Charles Samuels (Doc. No. 78); and

    **IT FURTHER APPEARING TO THE COURT** that the docket shows proof of service of Charles Samuels (Doc. No. 85), waiver of service by J. Hollingsworth (Doc. No. 86), and waiver of service by Director of Medical Services (Doc. No. 87);

    **IT FURTHER APPEARING TO THE COURT** that the docket shows no proof Plaintiff served a copy of the Summons and Amended Complaint on the United States attorney, served a copy of the Summons and Complaint on an employee designated by the United States attorney, or sent the Summons and Complaint via certified mail to the civil-process clerk at the United States Attorney for the District of New Jersey; and

1

**IT FURTHER APPEARING TO THE COURT** that the docket shows no proof Plaintiff sent a copy of the Summons and Amended Complaint via certified mail to the Attorney General of the United States at Washington, D.C.; and

**IT FURTHER APPEARING TO THE COURT** that Defendants in this matter are United States officers or employees sued in their official capacities or in their individual capacities for acts or missions occurring in connection with their duties performed on behalf of the United States;

**THE COURT NOTING** that the Court cannot grant default judgment where the defendant was not properly served with the summons and complaint, *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985);

**THE COURT FURTHER NOTING** that when suing a federal official or employee the plaintiff must also serve the United States pursuant to Federal Rule of Civil Procedure 4(i)(1); and

**THE COURT FURTHER NOTING** that Federal Rule of Civil Procedure 12(a), under "Time to Serve a Responsive Pleading," provides that "[t]he United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney," Fed. R. Civ. P. 12(a)(2), and provides further that "[a] United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later," Fed. R. Civ. P. 12(a)(3); and

3

**THE COURT FINDING THAT**, because Plaintiff has not yet served the United States pursuant to Rule 4(i)(1), no Defendant's time to answer has expired;

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED**.

Dated:   3/3/2017                                                             s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge